UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK W DELLELO,<br><br>Plaintiff,<br><br>v.<br><br>EVERETT SHIP REPAIR LLC, et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01948-BHS<br><br>ORDER |

THIS MATTER is before the Court on defendants' motion to dismiss, Dkt. 9, pro se plaintiff Patrick Dellelo's complaint.

Dellelo is a former Everett Ship Repair employee. Dkt. 1 at 2. He alleges that defendant Everett Ship Repair and its parent and sister companies, defendants Ice Cap Holding and Nichols Brothers Boat Builders, wrongfully discharged Dellelo. *Id.* at 4. He seeks wrongful discharge and tortious interference state law claims against defendants in this Court. *Id.* at 4–5. He asserts the Court has supplemental jurisdiction because this suit "arises from the identical nucleus of operative facts" in a separate, § 1983 action he filed before this Court, No. 26-5587-BHS. *Id.* at 1.

Defendants move to dismiss under Rule 12(b)(1). Dkt. 9. They argue that supplemental jurisdiction cannot be based on federal claims raised in a separate case. *Id.* at 4.

Dellelo responds that Case No. 26-5887-BHS is related and the claims in both cases arise from the same facts. Dkt. 14 at 1–2. He asks the Court to either consolidate the two actions or "grant leave to amend or file a supplemental pleading in the federal action adding these state-law claims." *Id.* at 2.

## I. DISCUSSION

"A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute." *United Transp. Union v. Burlington N. Santa Fe R. Co.*, No. C06-5441 RBL, 2007 WL 26761, at *2 (W.D. Wash. Jan. 2, 2007), *aff'd*, 528 F.3d 674 (9th Cir. 2008). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). When considering a motion to dismiss under 12(b)(1) the Court construes the complaint in the light most favorable to the non-moving party. The Court generally accepts as true well-pleaded allegations of material fact. *Savage v. Glendale Union High Sch.*, Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir.2003).

Where a plaintiff's complaint asserts both federal and state law claims, the Court may exercise supplemental jurisdiction over the state claim so long as it arises out of the same "nucleus of operative fact" as the federal one. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025). Absent federal question jurisdiction over the complaint, however, the Court loses supplemental jurisdiction over the state claims as well. *Id.* at 30.

Dellelo does not plead any claims over which the Court may exercise original jurisdiction here. In other words, there is no jurisdictional hook for his state claims. Notwithstanding their factual similarity to the related federal action, the Court cannot exercise supplemental jurisdiction over the state claims here.

Defendants' motion to dismiss, Dkt. 9, is **GRANTED**. Dellelo's claims are **DISMISSED without prejudice**. Dellelo may re-assert these state claims with any related federal action.

The Clerk shall enter a judgment and close the case.

IT IS SO ORDERED.

Dated this 10th day of August, 2026.

BENJAMIN H. SETTLE
United States District Judge